THOMAS, J.
Following the denial of a motion to suppress, Appellant pled no contest to possession of cocaine, reserving the right to appeal the dispositive motion. On May 30, 2013, the trial court entered a final judgment, sentencing Appellant to five years in prison. Thereafter, on June 20, 2013 and June 24, 2013, Appellant filed motions to withdraw his plea of guilty. The trial court denied Appellant’s request to withdraw his plea, finding that the motions were untimely filed under rule 3.170(l) of the Florida Rules of Criminal Procedure.
On appeal, the State properly concedes that the motions were not untimely filed. Rule 3.170(Z) of the Florida Rules of Criminal Procedure provides:
(l) Motion to Withdraw the Plea after Sentencing. A defendant who pleads guilty or nolo contendere without expressly reserving the right to appeal a legally dispositive issue may file a motion to withdraw the plea within thirty days after the rendition of the sentence, but only upon the grounds specified in Florida Rule of Appellate Procedure 9.140(b)(2)(A)(ii)(a)-(e) except as provided by law.
Here, Appellant’s two motions to withdraw his plea of guilty were timely filed 21 and 25 days after the final judgment and sentence were entered in this case. Accordingly, we reverse and remand for the trial court to rule on Appellant’s motions. As we are reversing for the trial court to address the merits of Appellant’s motions to withdraw his plea, we do not reach the merits of Appellant’s motion to suppress.
REVERSED and REMANDED.
RAY and SWANSON, JJ„ concur.